United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JAVELIN LOGISTICS COMPANY, INC.,
Plaintiff,
v.
LANDSTAR RANGER, INC., et al.,
Defendants.

Case No. 26-cv-07518-NC

**ORDER TO SHOW CAUSE RE: NOTICE OF REMOVAL**

Re: ECF 1

On July 21, 2026, Defendants Landstar Ranger, Inc., Landstar Transportation Logistics, Inc., Landstar Express America, Inc., Landstar Inway, Inc., Landstar Ligon, Inc., Landstar Gemini, Inc., Landstar Global Logistics, Inc., removed this case to this Court from the Santa Clara County Superior Court. ECF 1. The Notice of Removal asserts that federal jurisdiction is satisfied by federal question jurisdiction and that the requirements of removal are fulfilled. ECF 1. The Court requests additional information from Defendants in support of their removal to federal court.

As a starting point, the general statute governing removal, 28 U.S.C. § 1441, is "strictly construe[d] . . . against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citations and quotation marks omitted); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the

United States District Court
Northern District of California

action to the state court. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The removing defendant bears the burden of overcoming the "strong presumption against removal jurisdiction." *Geographic Expeditions*, 599 F.3d at 1107 (citation omitted).

First, the Court requests more information on the case's alleged federal question jurisdiction. Defendants conclusorily allege that the case has federal question jurisdiction because "the State Court Action contains all of the elements required to state a claim under the Carmack Amendment," 49 U.S.C. § 14706[1]. ECF 1 ¶ 6. Defendants do not point the Court to what the elements of the Carmack Amendment is, or what parts of the state complaint contains those elements. Defendants have the burden of establishing the grounds for federal jurisdiction. *See Gaus*, 980 F.2d at 566. The Court cannot determine whether there is federal question jurisdiction determination without more information.

Second, the Court requests more information on the timing of the Notice of Removal. Defendants conclusorily state that the Notice of Removal is timely "because it is filed within thirty (30) days of Petitioner's receipt of Plaintiffs' complaint." ECF 1 ¶ 7. While Defendants are correct in stating that removal is timely if it is "filed within 30 days after the receipt by the defendant" under 28 U.S.C. § 1446(b)(1), Defendants do not allege when they received receipt of the complaint. ECF 1 ¶ 7. Instead, they only allege that the action was commenced "[o]n or about May 28, 2026," which is more than 30 days before the filing of the Notice of Removal. ECF 1 ¶ 1. The Court cannot determine whether the Notice of Removal was timely without more information on when the Defendants were in receipt of the complaint.

As such, Defendants are ordered to show cause in writing filed by August 5, 2026, explaining why the Court has federal question jurisdiction and why the Notice of Removal

[1] The Court notes that Defendants miscited the statute for the Carmack Amendment as 28 U.S.C. § 14706 at ECF 1 ¶ 6. The correct statute, which was correctly cited to at ECF 1 ¶ 5, is 49 U.S.C. § 14706.

United States District Court
Northern District of California

is timely. Defendants may also address whether the timing defect is jurisdictional or procedural. Although the burden is on the removing party, Plaintiff may file a response by August 12, 2026.

The Court reminds Defendants that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: July 22, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge